UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVINA FISCHER, formerly known as ALVINA BANNISTER,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC, DITECH MORTGAGE COMPANY, GREEN TREE SERVICING LLC, and EVERBANK,<br><br>Defendants. | No. 1:16-cv-01558-DAD-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. No. 5) |

This matter is before the court on defendants Ditech Financial LLC ("Ditech Financial"), Ditech Mortgage Company ("Ditech Mortgage"),[1] Green Tree Servicing LLC ("Green Tree"), and EverBank's motion to dismiss plaintiff Alvina Fischer's complaint for failure to state a claim. A hearing on the motion was held on December 6, 2016. Plaintiff Fischer, proceeding *pro se*, appeared on her own behalf, and attorney Meagan S. Tom appeared on behalf of the defendants. Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant defendants' motion to dismiss with leave to amend.

---

[1] Defendants note in their motion that defendant Ditech Mortgage has been misidentified in plaintiff's complaint. (Doc. No. 5 at 3.) For purposes of this motion to dismiss, the court will treat both Ditech Mortgage Corporation and Ditech Mortgage Company as the same entity.

1

**BACKGROUND**

According to her complaint, plaintiff Alvina Fischer entered into a mortgage contract with Mission Hills Mortgage Company for the purchase of a property located at 9124 East Herndon Avenue, in Clovis, California. (Doc. No. 1-1 ¶¶ 1, 11.) A deed of trust was recorded, and subsequently transferred to defendants. (*Id.* ¶¶ 12–13.) In 2011, plaintiff filed for bankruptcy protection in the Eastern District of California. (*Id.* ¶ 14.) She continued to make payments on her loan until March 2016. (*Id.* ¶ 17.)

At some unspecified time, presumably in or around 2016, defendant Green Tree informed plaintiff that her loan was current. (*Id.* ¶ 18.) Green Tree also allegedly transferred its interest in the loan to either defendant Ditech Financial or defendant Ditech Mortgage,[2] but plaintiff was not originally informed of the transfer or provided year-end tax information. (*Id.* ¶¶ 19–21.) Plaintiff went to refinance her property and was told by both a representative of defendant Green Tree and an independent broker that the balance due on her loan was $0.00. (*Id.* ¶¶ 22–23.) When plaintiff contacted defendant Ditech Financial or Ditech Mortgage, she was told they were unaware of any loan in her name. (*Id.* ¶ 24.)

In March 2016, plaintiff Fischer, through counsel, sent a letter to defendant Ditech Financial requesting information regarding her loan, and for a reconveyance of the deed of trust on her property. The letter stated that if no response was received within thirty days, plaintiff would believe the loan to be satisfied. (*Id.* ¶¶ 25–26, 28.) Plaintiff did not receive a response. (*Id.* ¶¶ 27, 29.) Plaintiff also alleges that payments she sent to defendant Green Tree were not being cashed, and that in May 2016, she received a letter from defendants stating that her prior payment checks could not be cashed because they were considered stale. (*Id.* ¶¶ 30, 32.)

Plaintiff commenced this action in Fresno County Superior Court on September 15, 2016. Plaintiff asserts two causes of action: (1) to quiet title to the subject property at 9124 East Herndon Avenue, and (2) for declaratory relief. On October 14, 2016, defendants Ditech

---

[2] In several allegations throughout the complaint, plaintiff makes reference to defendant "DITECH" without specifying whether she refers to one or both of defendants Ditech Financial and Ditech Mortgage.

Financial, Ditech Mortgage, and Green Tree removed this action to federal court on the basis of diversity jurisdiction.  (Doc. No. 1.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## DISCUSSION

**A.    Quiet Title**

To state a claim for quiet title, a plaintiff must submit a verified complaint that includes the following: (1) a description of the property that is the subject of the action, including both its legal description and its street address or common designation; (2) plaintiff's title and the basis on which it is asserted; (3) the adverse claims to plaintiff's title against which a determination is

sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title against the adverse claims.  Cal. Civ. Proc. Code § 761.020.  In addition, plaintiff may not proceed on such a claim in the absence of tender.  *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *see also Allen v. U.S. Bank, Nat'l Ass'n*, No. 1:13-cv-01527-LJO-SMS, 2013 WL 5587389, at *5 (E.D. Cal. Oct. 10, 2013) ("[A] purported quiet title claim is doomed in the absence of a tender of amounts owed."); *Deerinck v. Heritage Plaza Mortg. Inc.*, No. 2:11-cv-01735-MCE-EFB, 2012 WL 1085520, at *9 (E.D. Cal. Mar. 30, 2012) ("[T]o maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage." (internal quotations omitted)); *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) ("In California it is well-settled that 'a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'" (quoting *Shimpones*, 219 Cal. at 649)); *Kelley v. Mortg. Elec. Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligations under the Deed of Trust.  As such, they have not stated a claim to quiet title.").[3]

Here, without deciding whether plaintiff has met the requirements of California Code of Civil Procedure § 761.020, plaintiff's complaint does not allege that she has tendered, or is able to tender, the debt secured by the subject property.[4]  Accordingly, plaintiff's complaint fails to state

/////

---

[3] Similarly, to the extent plaintiff by this cause of action is trying to set aside a foreclosure sale of her property, such a claim could not lie absent an allegation that plaintiff tendered the full amount owed on the loan.  *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183–84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness." (citations and quotation marks omitted)); *see also Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112 (1971)).

[4] At the hearing on this motion, the court ordered defendants to file a sur-reply with a statement of the approximate amount defendants claim is due and owing on the loan.  Defendants filed their sur-reply on December 13, 2016, attaching a statement showing a total payoff amount of $139,236.74 for the referenced loan.  (Doc. No. 12.)

a cognizable quiet title claim, and the claim should be dismissed.[5]

**B.     Declaratory Judgment**

Plaintiff's complaint purports to state an additional claim for declaratory judgment. Specifically, plaintiff seeks a judicial determination of title with respect to the subject property. (*See* Doc. No. 1-1 ¶ 59.)  It is well recognized that "where a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010) (citing *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995), and *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968)); *see also Camillo v. Washington Mut. Bank, F.A.*, No. 1:09-cv-1548-AWI-SMS, 2009 WL 3614793, at *13 (E.D. Cal. Oct. 27, 2009) (dismissing declaratory relief claim as redundant where the claim would not resolve issues other than those addressed by way of the substantive claims of the complaint).  Accordingly, for reasons set forth above regarding plaintiff's quiet title claim, plaintiff's claim for declaratory relief should also be dismissed.

**C.     Leave to Amend**

For the reasons explained above, defendants' motion to dismiss the complaint will be granted.  In her opposition to defendants' motion, plaintiff also seeks to add additional causes of action for breach of contract, fraud, fraudulent concealment, negligent misrepresentation, negligent infliction of emotional distress, and unfair business practices.  (Doc. No. 7 at 2.)  The court has carefully considered whether plaintiff may further amend her counterclaims to state claims upon which relief can be granted.  "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely

---

[5] The court also notes that to the extent plaintiff seeks to quiet title to the subject property as to all defendants, she has not alleged any facts from which the court could infer a connection between the property and defendant EverBank.

given, the court does not have to allow futile amendments).  At this early stage of the litigation, the court cannot conclude amendment would be futile.  Accordingly, plaintiff Fischer will be granted an opportunity to amend her complaint as to each of her causes of action and as to the additional causes of action proposed.[6]

**CONCLUSION**

For the reasons set forth above,

1. Defendants' motion for to dismiss (Doc. No. 5) is granted; and
2. Plaintiff's complaint is dismissed with leave to amend.

IT IS SO ORDERED.

Dated:   **December 21, 2016**　　　　　　　　　/s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff is advised that allegations involving fraud or mistake are subject to the heightened pleading requirements of the Federal Rules of Civil Procedure.  Specifically,

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).  Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).  In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  *Vess*, 317 F.3d at 1105 (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)).