UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVINA FISCHER, formerly known as ALVINA BANNISTER,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC, DITECH MORTGAGE CORPORATION, GREEN TREE SERVICING LLC, EVERBANK, and EVERHOME MORTGAGE COMPANY,<br><br>Defendants. | No. 1:16-cv-01558-DAD-EPG<br><br><u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u><br><br>(Doc. No. 18) |

This matter is before the court on defendants Ditech Financial LLC ("Ditech Financial"), Ditech Mortgage Corporation ("Ditech Mortgage"), Green Tree Servicing LLC ("Green Tree"), EverBank, and EverHome Mortgage Company's ("EverHome") motion to dismiss plaintiff Alvina Fischer's amended complaint for failure to state a claim. Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant defendants' motion to dismiss.

**BACKGROUND**

According to her amended complaint, plaintiff Alvina Fischer entered into a mortgage contract in 2001 with Mission Hills Mortgage Company for the purchase of a property located at

1

9124 East Herndon Avenue, in Clovis, California. (Doc. No. 16 ¶¶ 1, 13.) A deed of trust was recorded and subsequently transferred to the defendants. (*Id.* ¶¶ 14–15.) In 2011, plaintiff filed for bankruptcy protection in the Eastern District of California. (*Id.* ¶ 16.) She continued to make payments on her mortgage loan until March 2016. (*Id.* ¶ 19.)

At some unspecified time, defendants informed plaintiff that her loan was current. (*Id.* ¶ 20.)[1] Defendants also allegedly transferred their interest in the loan among them, but plaintiff was not originally informed of the transfer or provided year-end tax information. (*Id.* ¶¶ 21–23.) Plaintiff went to refinance her property and was told by both a representative of defendant Green Tree and an independent broker that the balance due on her loan was $0.00. (*Id.* ¶¶ 24–25.) When plaintiff contacted defendant Ditech Mortgage, she was told it was unaware of any loan in her name. (*Id.* ¶ 26.)

In March 2016, plaintiff Fischer, through counsel, sent a letter to defendants requesting information regarding her loan, and for a reconveyance of the deed of trust on her property. The letter stated that if no response was received by her within thirty days, plaintiff would believe her loan to be satisfied. (*Id.* ¶¶ 27–28, 30.) Plaintiff did not receive a response. (*Id.* ¶¶ 29, 31.) Plaintiff also alleges that payments she sent to defendants, through defendant Green Tree, were not being cashed, and that in May 2016, she received a letter from defendants stating that her prior payment checks could no longer be cashed because they were considered stale. (*Id.* ¶¶ 32, 35.)

Plaintiff commenced this action in Fresno County Superior Court on September 15, 2016. On October 14, 2016, defendants Ditech Financial, Ditech Mortgage, and Green Tree removed the action to federal court on the basis of diversity jurisdiction. (Doc. No. 1.) Plaintiff's original complaint, based on substantially the same factual allegations as those now appearing in her amended complaint, alleged causes of action to quiet title to her property, and for declaratory relief. Following this court's order dismissing plaintiff's original complaint (*see* Doc. No. 13),

---

[1] Plaintiff's original complaint alleged that defendant Green Tree provided plaintiff with this information. (*Compare id.* ¶ 20, *with* Doc. No. 1-1 ¶ 18.) However, as with a number of allegations in her amended complaint, plaintiff now broadly alleges that all defendants participated in doing so.

plaintiff amended her complaint to remove those causes of action and instead assert the following causes of action: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) violation of California's Unfair Competition Law, (4) intentional misrepresentation, (5) negligent misrepresentation, and (6) negligent infliction of emotional distress. (*See* Doc. No. 16.)

On February 6, 2017, defendants filed the instant motion to dismiss. (Doc. No. 18.) Plaintiff initially filed no opposition or statement of non-opposition to the motion. A hearing on defendants' motion to dismiss was held on April 4, 2017. Plaintiff Fischer, proceeding *pro se*, appeared on her own behalf, and attorney Meagan S. Tom appeared on behalf of the defendants. At the hearing, it became apparent to the court that plaintiff misunderstood her obligations under the court's Local Rules in regard to responding to defendants' motion. Accordingly, the court gave plaintiff an additional two weeks to file a written opposition to that motion and later extended that filing deadline by two more weeks. (*See* Doc. Nos. 21, 23.) On May 2, 2017, plaintiff timely filed her opposition to the pending motion to dismiss. (Doc. No. 24.) On May 9, 2017, defendants filed their reply. (Doc. No. 25.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth

of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

As noted above, plaintiff asserts six new state law causes of action in her amended complaint. Federal courts sitting in diversity apply state substantive law and federal procedural law. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."); *Zamani v. Carnes,* 491 F.3d 990, 995 (9th Cir. 2007). When interpreting state law, a federal court is bound by the decisions of a state's highest court. *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 427 (9th Cir. 2011). In the absence of a governing state decision, a federal court attempts to predict how the highest state court would decide the issue, using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id*. Below, the court will address defendants' motion to dismiss with respect to each of plaintiff's claims brought pursuant to state law.

**A.   Breach of Contract**

Under California law, to state a claim for breach of contract, a plaintiff must allege facts showing (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance of the contract, (3) defendant's breach of the contract, and (4) resulting damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)); *Armstrong Petrol Corp. v. Tri Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (2004). When pleading the existence of a contract, a plaintiff need not attach the contract as an exhibit to the complaint or set forth the relevant terms verbatim, but she is required to "identify the specific provision of the contract allegedly breached by the defendant." *Kaar v. Wells Fargo Bank, N.A.*, No. C 16-01290 WHA, 2016 WL 3068396, at *1 (N.D. Cal. June 1, 2016); *see also In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 978 (N.D. Cal. 2016); *Blanco v. Am. Home Mortg. Servicing, Inc.*, 2:09-cv-00578-WBS-DAD, 2009 WL 4674904, at *7 (E.D. Cal. Dec. 4, 2009) (holding that vague allegations of a promise in a written contract, without reference to the consideration given for such a promise, are insufficient to state the existence of a contract); *Murphy v. Hartford Accident & Indem. Co.*, 177 Cal. App. 2d 539, 543 (1960) ("In order for an action to be based on an instrument in writing, the writing must express the obligation sued upon.").

In her amended complaint, plaintiff only vaguely alleges that defendants breached the terms of a "contract" by failing to accept plaintiff's payments to repay her loan.[2] (Doc. No. 16 ¶¶ 46–47.) These allegations alone are insufficient to state the existence of a valid contract. Without more, this court cannot plausibly infer the precise nature of defendants' obligations under the contract or any requirement of performance on plaintiff's part.[3] Furthermore, plaintiff

---

[2] While plaintiff does not explicitly define the term "contract," it appears clear to the court that plaintiff may be referencing either the deed of trust or an underlying promissory note relating to the purchase of plaintiff's property.

[3] For example, defendants cite language from the publicly recorded version of the deed of trust involved here which states that if a payment or partial payment is "insufficient to bring the Loan current," the lender may choose to accept such payment, return the payment, or hold the payment. (*See* Doc. No. 18 at 6.)

5

fails to allege any details such as which payments she is referring to and when those payments were made.

Separately, plaintiff has not alleged with any clarity the nature of any damages caused by defendants. Plaintiff generally states she was harmed by defendants' "continued improper attempts to foreclose on her primary residence," suggesting that she retains possession of the property. (Doc. No. 16 ¶ 55.) However, in her amended complaint plaintiff seeks only to recover monetary damages and a reconveyance of any and all interest in the subject property. (*See id.* at 12.) Assuming defendants have breached an existing contractual obligation by not accepting her loan repayments, plaintiff might be able to seek to enjoin a pending foreclosure sale, if one exists. However, plaintiff has not alleged how defendants' purported breach has caused her to suffer monetary damages or the loss of her property. Accordingly, plaintiff's breach of contract cause of action must be dismissed.

**B.     Breach of Covenant of Good Faith and Fair Dealing**

California law recognizes that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 371 (1992) (quoting Rest. 2d Contracts, § 205); *see also Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988) (en banc). This implied covenant of good faith and fair dealing requires that "where one party is invested with a discretionary power affecting the rights of another . . . [s]uch power must be exercised in good faith." *Carma Developers*, 2 Cal. 4th at 372. While a breach of the implied covenant need not rest on a breach of the express terms of the contract, "the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.* at 373 (citing *Foley*, 47 Cal. 3d at 683).

In her second cause of action, plaintiff alleges no additional facts beyond those alleged in support of her breach of contract claim. The sole exceptions are plaintiff's conclusory allegations that defendants had a duty to "service" her loan and "unfairly interfered with [her] right to receive the benefits of the contract." (Doc. No. 16 ¶¶ 53, 68.) These generalized and conclusory assertions fall far short of the factual basis needed to support an inference of liability on the part

of defendants. *Iqbal*, 556 U.S. at 678. As discussed above, it is unclear from plaintiff's amended complaint what the express terms of the contract are in this case, and thus, to what extent defendants could have exercised any discretion under the terms of that contract. To properly state a claim, plaintiff must, at minimum, describe the relevant terms of the contract and allege facts suggesting that defendants failed to act in good faith in the performance of their duties under such terms. Because plaintiff has failed to do so, this cause of action of the amended complaint must be dismissed as well.

**C.      Violation of California Unfair Competition Law**

To state a claim of unfair competition under California's Unfair Competition Law, California Business & Professions Code §§ 17200 et seq. ("UCL"), plaintiff must allege an act of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. California courts recognize each of these three prongs as separate and distinct theories of liability. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012); *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). The UCL proscribes any unlawful business practice by covering "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech*, 20 Cal. 4th at 180 (citation and internal quotations omitted); *see also Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 987 (9th Cir. 2002); *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959 (2008). The UCL further prohibits unfair business practices, which must be "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Cel-Tech*, 20 Cal. 4th at 186–87.

In her UCL cause of action, plaintiff describes a series of allegedly wrongful acts, including defendants' (1) failure to accept her loan payments, (2) attempt to foreclose on her property, (3) fraudulent and improper allocation of plaintiff's payments, (4) failure to account for funds paid, and (5) failure to provide plaintiff with certain tax information. (Doc. No. 16 ¶¶ 75–78.) Beyond conclusory statements, however, the amended complaint alleges no relevant facts to support an inference that any of these alleged acts constitute unlawful, unfair, or fraudulent

business practices under the UCL. For example, plaintiff's claims regarding defendants' failure to accept payments and attempted foreclosure of her property could conceivably constitute unlawful acts under the same breach of contract theory addressed above. However, plaintiff has alleged no facts to support such a theory and therefore cannot proceed under the UCL for the same reasons. Moreover, plaintiff has failed to allege facts relevant to her theories with regard to the improper allocation or accounting of funds, or to the alleged failure to provide tax information. In the absence of any additional facts alleged in the amended complaint, plaintiff has failed to allege a cognizable claim that the alleged acts or omissions of defendants, by themselves, are unlawful, unfair, or fraudulent under the UCL.

In addition, to the extent plaintiff's UCL claim is based on a fraudulent act, she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations must describe facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995). Here, at least with respect to any allegedly fraudulent allocation of her payments, plaintiff has failed to provide any specific allegations regarding any element of fraud.

For all of these reasons, the court must dismiss plaintiff's UCL cause of action.

**D.      Intentional and Negligent Misrepresentation**

Plaintiff brings separate causes of action against all defendants for intentional and negligent misrepresentation, both based on defendants' alleged misrepresentations to plaintiff regarding the status of her loan.

Under California law, the elements of an intentional misrepresentation are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1255 (2009); *accord Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance." *Cadlo v. Owens-*

8

*Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Because both causes of action are grounded in fraud, plaintiff must meet the heightened pleading requirement under Rule 9(b) as to each— namely, in her complaint plaintiff must present "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Here, the allegations of plaintiff's amended complaint with respect to defendants' representations to her about the status of her loan repayments are wholly unspecified. Without identifying a particular time or time period, plaintiff broadly asserts that all five defendant corporate entities informed her that she was current on her loan and that there was a balance due of $0.00 on it. (*See, e.g.*, Doc. No. 16 ¶¶ 83–85.) Plaintiff does not allege if or how she relied on these statements—for example, by withholding further payment at some point in time—and it is unclear from the amended complaint that these alleged representations predated the cessation of plaintiff's payments. As pled, these allegations fail to meet the pleading requirements of Rule 9(b) in that they do not set forth facts sufficient to support a reasonable inference as to each element of plaintiff's causes of action.

Accordingly, plaintiff's causes of action for both intentional and negligent misrepresentation must be dismissed.

**E.     Negligent Infliction of Emotional Distress**

There is no independent tort of negligent infliction of emotional distress ("NIED") under California law. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992) ("We have repeatedly recognized that '[t]he negligent causing of emotional distress is not an independent tort, but the tort of negligence.'") (quoting *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989)). NIED is instead a subset of negligence that extends the ability to recover damages to indirect victims who, while not suffering physical injury as the result of a tortfeasor's acts, nonetheless suffer severe emotional distress. *See, e.g., Dillon v. Legg*, 68 Cal. 2d 728, 747– 48 (1968) (allowing a mother to pursue damages for emotional trauma resulting from witnessing the death of her child).

1    Here, plaintiff has failed to state a cause of action for NIED.  Critically, plaintiff has not

2    alleged facts in her amended complaint to support the reasonable inference that negligence has

3    occurred—or that any element of negligence can be demonstrated.  Plaintiff only states, in

4    conclusory fashion, that defendants "negligently attempted to foreclose on [her] loan."  (*See* Doc.

5    No. 16 ¶ 107.)  But the court cannot conclude based on this assertion alone that defendants owed

6    plaintiff a duty not to foreclose on her home, independent of any possible contractual obligations

7    they may have had.  Thus, because the amended complaint alleges no facts giving rise to an

8    underlying negligence claim, plaintiff cannot state a cognizable NIED cause of action.  Moreover,

9    to the extent negligence plausibly occurred, plaintiff would also need to allege facts showing that

10   she is an indirect victim, in order to successfully allege a NIED cause of action.  Because the

11   allegations of plaintiff's amended complaint are lacking the required factual specificity, her NIED

12   cause of action must also be dismissed.

**F.     Leave to Amend**

For the reasons explained above, defendants' motion to dismiss the amended complaint will be granted.  After careful consideration of plaintiff's arguments at the hearing on this matter and in her written opposition, the court concludes that further amendment would be futile.  *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In this case, plaintiff has presented no indication that she could sufficiently remedy the deficiencies described above—many of which were explained in the court's order dismissing plaintiff's original complaint (*see* Doc. No. 13)—despite the court's direction that plaintiff do so in her written opposition to defendants' motion to dismiss.  (*See* Doc. No. 23 at 2.)

/////

/////

/////

**CONCLUSION**

For the reasons set forth above,

1. Defendants' motion for to dismiss (Doc. No. 19) is granted;
2. Plaintiff's amended complaint (Doc. No. 16) is dismissed without leave to amend; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 23, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE